**PETITION FOR REVIEW DIS-MISSED.**

Carmen **ALVARADO–GUZMAN,**
Petitioner,

v.

Alberto R. **GONZALES,\*** Attorney
General, Respondent.

No. 04–70456.

Agency No. A77–229–354.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 16, 2005.

Carmen Alvarado–Guzman, Santa Ana, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of The District Counsel Department of Homeland Security San Francisco, CA, Oil, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before PREGERSON, CANBY and THOMAS, Circuit Judges.

### MEMORANDUM\*\*\*

Carmen Alvarado–Guzman, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals'

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

("BIA") decision, which affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA conducted a de novo review of the record and made an independent determination of whether relief is appropriate, this Court reviews the decision of the BIA. *See Molina–Morales v. INS*, 237 F.3d 1048, 1050 (9th Cir.2001). We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

■ Alvarado–Guzman contends that the BIA erred when it found that she did not establish past persecution or a well-founded fear of future persecution. We disagree. Substantial evidence supports the BIA's conclusion that Alvarado–Guzman failed to establish past persecution based on one of the five protected grounds. *See Sangha v. INS*, 103 F.3d 1482, 1491 (9th Cir.1997) (finding that petitioner failed to show that he faced problems on account of his political opinion); *see also Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("[o]ur court generally treats unfulfilled threats, without more, as within that category of conduct indicative of a danger of future persecution, rather than as past persecution itself.").

■ We further conclude that substantial evidence does not support a finding of a well-founded fear of future persecution due to Alvarado–Guzman's fear of the "cholos" seeking revenge, *see Sangha*, 103 F.3d at 1491, nor does it compel a reasonable fact-finder to conclude that Alvarado–Guzman's fear of persecution based on her mother's political involvement was objectively reasonable. *See Aruta v. INS*, 80 F.3d 1389, 1395–96 (9th Cir.1996).

Because Alvarado–Guzman did not establish that she was eligible for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Alvarado–Guzman has waived her claim for relief under the CAT by failing to raise any arguments in her opening brief challenging the BIA's denial of this claim. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**